# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| COURTNEY R. LOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 18-1094-JDT-cgc |
| | ) |
| SHAWN PHILLIPS, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO AMEND, DISMISSING COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On May 29, 2018, Plaintiff Courtney R. Logan, who is incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a *pro se* civil complaint. (ECF No. 1.) After Logan filed the required documentation, the Court issued an order on July 19, 2018, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) On August 27, 2018, Logan filed a motion to amend, which he styled as a motion to supplement the record, in which he further identifies the Defendants and alleges that he has fully exhausted his administrative remedies. (ECF No. 8.) That motion is GRANTED. The Clerk shall record the Defendants as Shawn Phillips, the NWCX Warden; Joshua Ross, a Corrections Officer on the "Green Team"; Lieutenant Freddie Thomas (identified in the original complaint as Sergeant Thomas); Corrections Officer Michel Roberts; and a John Doe Corporal.

Since the filing of the complaint, the Court has learned that Logan is a "three-strike" filer pursuant to 28 U.S.C. § 1915(g), who is barred from proceeding *in forma pauperis* unless he alleges that he was in imminent danger of serious physical injury when he filed his complaint.[1] Ordinarily, if a three-strike filer did not allege imminent danger, the Court would dismiss the complaint without prejudice and advise the plaintiff that the case could be re-opened upon motion filed within twenty-eight days and accompanied by the full $400 civil filing fee. However, Logan did not disclose his restricted status to the Court. Therefore, the Court declines to set aside the fee assessment and dismiss this case without prejudice.

Logan alleges that on May 1, 2018, he was carrying his legal materials as he was escorted to segregation by a John Doe corporal. As he was escorted by the unidentified officer, Logan asked to speak to Defendant Phillips about the allegedly unjust reason for sending him to segregation. He was permitted to speak to Defendant Thomas, who allegedly pulled his taser and order Logan to "cuff up." Defendants Ross and Roberts approached and allegedly forced Logan's hands behind his back, causing him to drop his legal materials on the ground. (ECF No. 1 at 2.)

Logan asked about retrieving his legal material and was told to leave it by Defendant Thomas, who still had his taser pointed at Logan. When Logan again asked about his legal materials, Ross responded by tightening his grip on Logan's wrist, and Roberts said he did not see any legal materials on the ground and that was "the story he would be sticking to." (*Id.* at 2-3.) The next day, May 2, 2018, Logan told Defendant Phillips about the incident. Phillips said he

---

[1] Logan previously filed *Logan v. Doe, et al.*, No. 3:13-cv-00294 (E.D. Tenn. May 31, 2013) (dismissed as frivolous and for failure to state a claim); *Logan v. Waller, et al.*, No. 4:11-00134 (N.D. Miss. Sept. 7, 2012) (dismissed for failure to state a claim); *Logan v. Banks, et al.*, No. 4:12-cv-00040-SA-JMV (N.D. Miss. June 28, 2012) (dismissed for failure to state a claim); and *Logan v. Hopkins, et al.*, No. 3:12-00127 (M.D. Tenn. Feb. 2, 2012) (dismissed for failure to state a claim).

would check on Logan's legal materials; however, Logan had received no response when the complaint was signed six days later. (*Id.* at 3.) Logan inquired of Ross again about his legal materials on May 3rd and was told it had been taken to operations. He made a similar inquiry of the mental health doctor and the "counselor of H.S.A." the same day. The counselor said he would check on Logan's legal materials, but there had been no response when the complaint was signed a few days later. (*Id.*)

Logan alleges the legal materials that were taken consisted of a post-conviction petition for the State of Mississippi which had a deadline in May and was waiting to be reviewed by a person trained in Mississippi law and then copied for mailing; a Tennessee post-conviction petition that was being prepared for mailing to his post-conviction counsel, as she previously had instructed him to do; a copy of the file for his federal habeas petition that was pending in the Middle District of Tennessee; and a copy of a judicial complaint to be filed against the trial judge who heard his criminal case in Mississippi. (*Id.* at 3-4.)

Logan seeks the return of his legal materials and to be free of any further interference with his right of access to the courts; various types of injunctive relief; his legal expenses; and punitive damages. (*Id.* at 5-6.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662,

677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* (citing *Neitzke*, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

*Id.* at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting

4

*Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Logan's complaint is filed pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The complaint does not assert a valid claim for denial of Logan's First Amendment right of access to the courts. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Bounds v. Smith*, 430 U.S. 817, 821 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts."). The Supreme Court has held that

> "[t]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. However, *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) (inmates' First Amendment right of access to the courts "extends to direct appeal, habeas corpus applications, and civil rights claims only").

To have standing to pursue a First Amendment claim that he was denied access to the courts, "a prisoner must show prison officials' conduct inflicted an 'actual injury,' i.e., that the conduct hindered his efforts to pursue a nonfrivolous legal claim." *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (citation omitted); *see also Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999) (explaining how *Lewis* altered the "actual injury" requirement previously articulated by the Sixth Circuit). "Actual injury" can be demonstrated by "the late filing of a court

document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Although Logan alleges that his Mississippi post-conviction petition had a May deadline, he has not alleged that he actually attempted to file the petition only to have it rejected by the Mississippi courts as time-barred. He also has not alleged that losing his legal materials actually had any adverse effect on the federal habeas proceeding. Furthermore, while Logan states he was preparing a Tennessee post-conviction petition, he also concedes he is represented by counsel in that proceeding. *See Bounds*, 430 U.S. at 828 ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or adequate assistance from persons trained in the law*." (emphasis added)); *Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991) (citing *Bounds* and dismissing access-to-courts claim when the prisoner was represented by appointed counsel); *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (per curiam) (same). As for the judicial complaint, Logan alleges he was asserting that the trial judge should have recused himself from the Mississippi criminal case. However, Logan has not alleged how such a complaint, in and of itself, would have affected his prior conviction.

For the foregoing reasons, Logan's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where

a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES Logan's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Burgess in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Logan would not be taken in good faith. Because Logan is a restricted filer pursuant to 28 U.S.C. § 1915(g), leave to appeal *in forma pauperis* is DENIED. If Logan files an appeal he must file any motion to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                               s/ **James D. Todd**
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE